**KAZEROUNI LAW GROUP, APC**
Gil Melili, Esq. (SBN: 337116)
gil@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Natalie Daugherty

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE DAUGHERTY,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS CO.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND TRANS UNION LLC,<br><br>    Defendants. | Case No.: 2:22-CV-00151-KJM-DB<br><br>**STIPULATION AND ORDER RE: FILING OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Plaintiff Natalie Daugherty ("Plaintiff") and Defendant American Express Co. ("Defendant" or "American Express") (together, the "Parties"), through their counsel of record, hereby jointly request that Plaintiff be given leave to amend her Complaint for the sole purpose of substituting American Express National Bank in place of American Express Co. as a Defendant in this matter. Therefore, the Parties hereby stipulate as follows:

WHEREAS, on January 25, 2022, Plaintiff filed this action against multiple defendants alleging violations of the Rosenthal Fair Debt Collection Act, Fair Credit Reporting Act, and California Credit Reporting Agencies Act. Dkt. No. 1.

WHEREAS, Plaintiff's complaint named American Express Co., rather than American Express National Bank, as a defendant in this action. *See id.*

WHEREAS, the Stipulation to Stay Action as to American Express Pending the Completion of Arbitration indicated, Plaintiff should have named American Express National Bank, rather than American Express Co. as a defendant in this matter. Dkt. No. 18, p. 2.

WHEREAS, on May 17, 2022, Plaintiff filed the Parties' Joint Rule 26(f) Status Report, indicating that she reserved the right to change American Express's name on the Complaint. Dkt. No. 26, pp. 3-4.

WHEREAS, the Court ordered Plaintiff to "take any action to correct the name of Defendant American Express within thirty [30] days[.]" Dkt. No. 27.

WHEREAS, Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

WHEREAS, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should . . . be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962).

WHEREAS, Rule 15's intent is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). As such, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

WHERAS, in deciding on a Rule 15 motion, the Court must consider the following factors: (a) undue delay; (b) bad faith; (c) prejudice to the opponent; and (d) futility of amendment.

*Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *accord Padilla v. Skytel Sys., LLC*, No. 1:19-cv-00351-AWI-BAM, 2019 U.S. Dist. LEXIS 150756, at *4 (E.D. Cal. Sep. 3, 2019).

WHEREAS, "the consideration of prejudice to the opposing party . . . carries the greatest weight[.]" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

WHEREAS, "[a]bsent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend." *Padilla*, 2019 U.S. Dist. LEXIS 150756, at *4 (citing *Eminence Capital*, 316 F.3d at 1052).

WHEREAS, there is no undue delay in bringing this motion because the Court has ordered Plaintiff to file the necessary papers to name American Express National Bank as the correct party in this action by July 1, 2022.

WHEREAS, Plaintiff's motion is not brought in bad faith. Instead, it is brought to fix a mistake made by Plaintiff as to the naming of the correct defendant to this action. Indeed, the mistake made by Plaintiff here involved the conflation of American Express Co., a parent company, with American Express National Bank, a subsidiary of that parent company.

WHEREAS, Plaintiff's motion will not prejudice American Express Co. and/or American Express National Bank because (i) American Express National Bank has already made an appearance in this action (*see, e.g.,* Dkt. No. 18); (ii) this action is already stayed as to American Express National Bank pending arbitration; and (iii) American Express National Bank and American Express Co. do not oppose Plaintiff's request for leave to amend.

WHEREAS, the proposed amendment to Plaintiff's complaint is not futile because the Court ordered Plaintiff to file the necessary papers to effectuate this amendment, and the amendment would assure that the correct defendant is named in this action.

IT IS THEREFORE STIPULATED AND AGREED, by and between the parties hereto, through their attorneys of record, that Plaintiff should be granted leave to amend to file Exhibit "A" as the First Amended Complaint.

**IT IS SO STIPULATED**

Dated:  July 5, 2022                              Respectfully Submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Gil Melili*
Gil Melili (Bar No. 337116)
KAZEROUNI LAW GROUP APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626s
Tel: (800) 400-6808
Fax: (800) 520-5523
Email: gil@kazleg.com
Attorney for Plaintiff

Dated:  July 5, 2022                              Respectfully Submitted,

**STROOCK & STROOCK & LAVAN LLP**

By: */s/ Brian C. Frontino*
Brian C. Frontino (Bar No. 222032)
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Floor 18
Los Angeles, CA 90067-3086
Tel: (310) 556-5800
Email: bfrontino@stroock.com
Attorney for Defendant
American Express National Bank

## SIGNATURE CERTIFICATION

I, Gil Melili, Esq., hereby certify that the content of this document is acceptable to all counsels listed above, and that I have obtained their authorizations to affix their electronic signatures to this document.

By: */s/ Gil Melili*
Gil Melili (Bar No. 337116)
KAZEROUNI LAW GROUP APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Tel: (800) 400-6808
Fax: (800) 520-5523
Email: gil@kazleg.com
Attorney for Plaintiff

**ORDER**

WHEREFORE, the Parties having so stipulated, IT IS HEREBY ORDERED that Plaintiff is granted leave to amend to file Exhibit "A" as the First Amended Complaint.

**IT IS SO ORDERED.**

DATED:  July 5, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE